.W. D. DELAP v. NATIONAL BANK OF LAFOLETTE.

(*Knoxville.* September Term, 1916.)

1. **COURTS.** Transfer of appeal to Supreme Court.

A case appealed to the court of civil appeals may either be brought to the supreme court by order of the court of civil appeals transferring the case on the ground that it is without jurisdiction, or on petition for writ of *certiorari* filed after the court of civil appeals has acted upon the merits filed its opinion and entered judgment; but there is no process justifying removal of a case from the court of civil appeals before action taken by that ourt. (*Post, p. 496.*)

2. **COURTS.** Appellate courts. Transferring case to court of civil appeals.

Where an appeal was prayed and granted to the court of civil appeals, but the appeal bond indicated that the appeal was prayed to the supreme court, and the transcript was removed to the Supreme Court on writ of *certiorari,* the supreme court properly transferred the case to the court of civil appeals. (*Post, pp. 496, 497.*)

3. **COURTS.** Jurisdiction of appeal. Amount in controversy.

In a suit for injunction to restrain sale of complainant's property under an order of condemnation, where a decree dismissed the bill and as an incident thereto, because execution of a judgment for money had been enjoined, rendered judgment against the principal and sureties on the injunction bond for the amount of the judgment, the supreme court did not, for the reason that such incidental judgment exceeded $1,000, have jurisdiction of a general appeal. (*Post, pp. 497, 498.*)

---

FROM CAMPBELL.

---

Appeal from the Chancery Court of Campbell County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—HUGH G. KYLE, Chancellor.

Delap v. Nat. Bank of La Follette.

E. H. Powers and M. H. Hollingsworth, for plaintiff.

W. A. Owens, for defendant.

Mr. Chief Justice Neil delivered the opinion of the Court.

This case was before us at a former day of the term on a petition for the writ of *certiorari* to have removed to this court the transcript, which it was alleged had been unduly delayed by the clerk and master of the chancery court, himself a party in interest. It was also asked that when the transcript should reach the court there should be an affirmance. The counsel for the petitioner seems to have been misled by the fact that the appeal bond indicated that the appeal had been prayed to this court, and the court, obtaining the same impression from the petition, made the order for the writ of *certiorari*. In obedience to this order, the transcript was sent up. When it reached us, and was examined, we discovered that, while the appeal bond was executed in the manner already stated, still the appeal had been prayed and granted to the court of civil appeals. We thereupon held that we had no jurisdiction of the case, except to transfer it to the court of civil appeals and made an order to that effect. Now another petition has been filed asking for the writ of *certiorari* to bring the case from the court of civil appeals and to dispose of it here on the ground

that the appeal really lay to this court, not to the court of civil appeals.

Let us assume that the case was of such a character as that it should have been properly appealed to this court instead of the court of civil appeals, still there are only two ways that we obtain jurisdiction of cases appealed to that court. One of these is by an order of that court transferring the case to the supreme court on the ground that the court of civil appeals is without jurisdiction; the other is on petition for the writ of *certiorari* filed after the court of civil appeals has acted upon the merits of the controversy and filed its opinion and entered its judgment. It is probable, of course, that in case the court of civil appeals were exceeding its jurisdiction in any manner by some affirmative act, and this were brought to our attention in the proper way, we would have the power, under the general statutes giving us control of inferior courts, to issue the writ of *certiorari* to bring up the record, and also a writ of *supersedeas* to stay further action. We know of no process, however, which would justify us in removing the case from the court of civil appeals before action taken by that court.

Indeed, the petition for *certiorari* now filed in this case is another form of asking a rehearing of our previous order. We shall now consider the application from that standpoint. Was the action in this court correct in transferring the case to the court of civil appeals, when the transcript was filed in

the supreme court? We cannot doubt that our action was correct, because the appeal was prayed to the court of civil appeals; but it is suggested in the present petition that the amount involved exceeds the jurisdiction of the court of civil appeals, and for that reason we should take immediate jurisdiction. That is another form of saying that we should assume control of a case appealed to the court of civil appeals by means other than those already mentioned, and we know of no law that justifies this.

But if there is nothing in the case other than as already stated, it may be that the petitioner could get the case into this court by filing the record for writ of error. However, two difficulties are in the way of such action. The first is that assuming that this court had jurisdiction of the controversy there is no error of which the petitioner can complain, because it was completely successful in the trial court; hence there is nothing on which to base an application for a writ of error. Another reason is that the jurisdiction is really with the court of civil appeals from the very nature of the case. The petition says that the amount of the judgment exceeded $1,000, and for this reason the court of civil appeals had no jurisdiction. The judgment of the trial court does exceed $1,000, but that judgment was merely incidental to the main issue. The bill was filed, not to recover a money judgment, but simply to obtain an injunction restraining the sale of the complainant's (Delap's) property under an

order of condemnation issued by one of the trial courts of Campbell county.  The chancery court tried the case on bill, answer, and proof, and found that there was no just ground for enjoining the execution, and entered a decree dismissing the bill, and as an incident thereto, since the execution of a judgment for money had been enjoined, rendered judgment under the statute against the principal and sureties on the injunction bond for the amount of the judgment.  The prayer for appeal was general, and, of course, questioned not merely the incidental judgment on the injunction bond, but also the main controversy on which the latter depended, to wit, the propriety of the chancellor's action in dismissing the bill.

From the foregoing observations it is perfectly evident that this court is without power to afford the petitioning bank any relief at this time.  It is truly unfortunate that, by the tardiness of the clerk and master in forwarding the transcript to the court of civil appeals, the petitioning bank is compelled to lose practically a year's time in the trial of its case; but, as stated, the supreme court, in the present situation of the case, is unable to take charge of it because it is without jurisdiction.

It results that the petition for the writ of *certiorari* from the court of civil appeals to this court, filed on the 30th of October of this year, must be refused.